IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| NAZIRA URREGO, | ) | |
|     *pro se* Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:17cv437 (MHL) |
| | ) | |
| SAMUEL I. WHITE, P.C., | ) | |
|     Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Nazira Urrego ("Plaintiff"), proceeding *pro se*, brings this action against Defendant Samuel I. White, P.C. ("SIWPC"), alleging that SIWPC fraudulently attempted to initiate foreclosure proceedings on her property in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and Virginia state law.

This matter comes before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on Plaintiff's Second Motion for Default Judgment (ECF No. 11); Plaintiff's Third Motion for Default Judgment (ECF No. 25); SIWPC's Motion to Strike Plaintiff's Affidavit of Service (ECF No. 12); SIWPC's Motion to Dismiss (ECF No. 13) pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6); and, Plaintiff's Motion to Strike SIWPC's Affirmative Allegations and Defenses (ECF No. 18).  For the reasons set forth below, the Court recommends that (1) Plaintiff's Second Motion Default Judgment and Third Motion for Default Judgment be DENIED; (2) SIWPC's Motion to Strike be DENIED; (3) SIWPC's Motion to Dismiss pursuant to Rule 12(b)(5) be construed as a motion to quash service and GRANTED; (4) SIWPC's Motion to Dismiss pursuant to Rule 12(b)(6) be GRANTED; and, that (5) Plaintiff's Motion to Strike be DENIED.

## BACKGROUND

Plaintiff alleges that SIWPC fraudulently attempted to foreclose on her property, located at 25804 Leonard Drive, South Riding, VA (the "Property"). (Compl. (ECF No. 1) at 4; Ex. 2 to Compl. (ECF No. 1-2) at 17-18 ("2007 Deed").[1] Plaintiff acquired the Property by deed on January 17, 2007. (2007 Deed.) That same day, in order to finance the Property, Plaintiff executed a promissory note and deed of trust ("2007 Deed of Trust") to secure a $552,000 mortgage loan from America's Wholesale Lender ("AWL"). (Ex. 2 to Compl. (ECF No. 1-2) at 27-31 ("2007 Deed of Trust").) The 2007 Deed of Trust designated 1st Signature Settlement Services as the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as AWL's nominee and the beneficiary of the instrument. (2007 Deed of Trust at 28.) On September 27, 2007, MERS appointed SIWPC as substitute trustee pursuant to the authority vested in MERS by the 2007 Deed of Trust. (2007 Deed of Trust at 29; Ex. 2 to Compl. (ECF No. 1-2) at 40-41 ("2007 Substitution of Trustee").)

After falling into arrears, Plaintiff received a notice dated August 3, 2011 ("2011 Notice") from SIWPC advising Plaintiff that SIWPC intended to initiate foreclosure proceedings on the mortgage on the Property. (Ex. 1 to Compl. (ECF No. 1-1) at 4 ("2011 Notice").) Pursuant to the FDCPA, the 2011 Notice listed the amount of Plaintiff's then-current debt ($757,617.25 at that time), provided a phone number that Plaintiff could call to determine the amount that she would have to pay to reinstate her mortgage and notified Plaintiff that she had thirty days to dispute the debt. (2011 Notice.) The 2011 Notice also identified "THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK" as the creditor to whom Plaintiff

---

[1]      Plaintiff attached several unmarked attachments to her Complaint. (ECF Nos. 1-1, 1-2, 1-3, 1-4.) For ease of reference, the Court will refer to these attachments numerically and, when appropriate, assign a parenthetical description to the specific attachment.

owed her debt.  (2011 Notice.)  However, MERS did not assign the 2007 Deed of Trust to the
Bank of New York Mellon until *after* SIWPC sent the 2011 Notice to Plaintiff.  (Ex. 2 to Compl.
(ECF No. 1-2) at 42 ("2011 Notice of Assignment"); Ex. 2 to Compl. (ECF No. 1-2) at 43
("2012 Notice of Assignment").)

 MERS executed two separate notices of assignment.  MERS executed the first notice of
assignment on August 24, 2011 — shortly after SIWPC sent the 2011 Notice to Plaintiff — and
the second notice of assignment on June 6, 2012.  (2011 Notice of Assignment; 2012 Notice of
Assignment.)  Both notices assign the 2007 Deed of Trust to the Bank of New York Mellon.
(2011 Notice of Assignment; 2012 Notice of Assignment.)  Although MERS previously
appointed SIWPC as substitute trustee to the 2007 Deed of Trust, the Bank of New York Mellon
re-appointed SIWPC as substitute trustee on November 23, 2012.  (2007 Substitution of Trustee;
Ex. 2 to Compl. (ECF No. 1-2) at 44 ("2012 Substitution of Trustee").)

 Sometime after receiving the 2011 Notice, Plaintiff alleges that she sent a letter to
SIWPC requesting verification of the debt and her creditor's identity.  (Ex. 1 to Compl. at 6.)  In
response, SIWPC sent Plaintiff another notice of intent to initiate foreclosure proceedings along
with a copy of the 2012 Substitution of Trustee.  (Ex. 1 to Compl. at 6-7.)  According to Plaintiff,
SIWPC never "follow[ed] through with the foreclosure."  (Ex. 1 to Compl. at 7.)

## RELEVANT PROCEDURAL HISTORY

 On December 12, 2013, Plaintiff filed suit in the Circuit Court of Loudon County against,
*inter alia*, the Bank of New York Mellon and SIWPC.  *Urrego v. Bank of New York Mellon*, et
al., Case No. CL00084824-00 (Loudon Cty. Cir. Ct. April 17, 2018).  The court dismissed
SIWPC from the case on December 2, 2016.  (Ex. 1 to Compl. at 1.)  On June 12, 2017, Plaintiff

filed her Complaint in this Court, alleging that SIWPC fraudulently attempted to initiate foreclosure proceedings on the Property. (Compl. at 4-5.)

On June 13, 2017, the Clerk's Office issued a summons to "Lisa Hudson," whose complete name actually reads as "Lisa Hudson Kim" (hereinafter "Kim").[2] (ECF No. 2; ECF No. 4 (letter addressed to Plaintiff, signed "Lisa Hudson Kim.").) Kim serves as SIWPC's counsel of record in this matter. (ECF No. 4.) On August 9, 2017, a private process server attempted to serve Kim with a copy of the Complaint and the summons addressed to "Lisa Hudson." (ECF No. 4; SIWPC's Resp. to Pl.'s Third Mot. for Default J. (ECF No. 26) ¶ 2.) Thereafter, Kim attempted to notify Plaintiff by letter dated August 10, 2017, that the "private process server's attempted service . . . was rejected," because Kim does not serve as SIWPC's registered agent. (ECF No. 4.)

On August 28, 2017, Plaintiff returned the summons as executed on "Lisa Hudson." (ECF No. 3.) Kim then filed a copy of the August 2017 letter with the Court on September 13, 2017. (ECF No. 4.) Plaintiff asserted that she never received Kim's letter, and she filed a motion for default judgment on September 18, 2017. (Pl.'s Opp'n to SIWPC's Mot. to Amend the Ct.'s Summons and Strike Pl.'s Summons Return (ECF No. 7) ("Pl.'s Opp'n") ¶ 3; Pl.'s First Mot. for Default J. (ECF No. 5).) In response, SIWPC, by special appearance, filed a motion to amend the Court's summons and strike Plaintiff's executed summons return. (SIWPC's Mot. to Amend and Strike (ECF No. 6).)

---

[2]     The District Court's previous Memorandum Order refers to Kim as "Hudson" and Plaintiff's filings refer to Kim interchangeably as "Mrs. Lisa Hudson," "Mrs. Hudson," "Mrs. Lisa Hudson Kim esq." and other variations. (Mem. Order (ECF No. 8) at 3; Pl.'s Resp. in Opp'n to SIWPC's Mot. to Strike the Affidavit of Service (ECF No. 15) at 1 ("SIWPC's Mot. to Strike"); Pl.'s Mot. to Strike SIWPC's Affirmative Allegations and Defenses (ECF No. 18) at 1 ("Pl.'s Mot. to Strike").)

On December 12, 2017, the District Court issued a memorandum order (i) striking the summons, because Plaintiff failed to serve SIWPC's registered agent, William Adam White ("White"), or otherwise effectuate proper service on a stock corporation in accordance with Virginia Code § 13.1-637; (ii) denying Plaintiff's motion for entry of default judgment; and, (iii) denying SIWPC's request for sanctions against Plaintiff for "inappropriate serial filings," because SIWPC failed to separately file its motion for sanctions in accordance with Federal Rule of Civil Procedure 11(c)(2), and because "the record [did] not reflect 'serial filings[.]'" (Mem. Order at 3-6, 3 nn.3 & 5, 4 n.6.)[3] Finally, the District Court directed the Clerk's Office to issue a new summons for SIWPC that listed the correct registered agent and granted Plaintiff thirty (30) days from the date of the Memorandum Order to properly serve SIWPC. (Mem. Order at 5-6.) That same day, the Clerk's Office reissued the summons. (ECF No. 9.)

On January 18, 2018, Plaintiff returned the re-issued summons as unexecuted. (ECF No. 10.) The private process server properly identified White as SIWPC's registered agent, and indicated that she attempted to serve White "at 5040 Corporate Woods Drive, Suite 120 Virginia Beach, VA 23462" on January 12, 2018. (ECF No. 10 at 2 ("Aff. of Serv.").) The process server selected "Not Found" in the section designated to describe the manner of service. (Aff. of Serv.) The process server further noted that White "[was] not available for service" on January 3, 2018. (Aff. of Serv.)

Also on January 18, 2018, Plaintiff filed her Second Motion for Default Judgment. (Pl.'s Second Mot. for Default J.) Despite failing to effectuate proper service on SIWPC, Plaintiff

---

[3]    SIWPC attached "a true and correct copy" of its State Corporation Commission ("SCC") webpage record, which lists White as SIWPC's registered agent and identifies SIWPC as a stock corporation. (Ex. B to SIWPC's Mot. to Amend and Strike ("SCC Webpage Record").) As the District Court noted in its memorandum order, Plaintiff has not contested the authenticity of the SCC Webpage Record. (Mem. Order at 3 n.4.)

5

urges the Court to proceed with the case, enter default judgment against SIWPC and award her $300,000 in damages. (Pl.'s Second Mot. for Default J. at 1.)

SIWPC, by special appearance, responded by filing two separate motions on January 24, 2018. First, SIWPC filed a Motion to Strike Plaintiff's Affidavit of Service. (SIWPC's Mot. to Strike and Resp. in Opp'n to Pl.'s Second Mot. for Default J. ("SIWPC's Mot. to Strike") (ECF No. 12).) Second, SIWPC filed a motion to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.[4] (SIWPC's Mot. to Dismiss (ECF No. 13).) For the reasons explained below, the Court interprets SIWPC's Rule 12(b)(5) motion as a motion to quash service, rather than a motion to dismiss. Plaintiff timely filed responses to SIWPC's Rule 12 motions on February 5, 2018. (Pl.'s Resp. in Opp'n to SIWPC's Mot. to Strike; Pl.'s Resp. in Opp'n to SIWPC's Mot. to Dismiss (ECF No. 16).)

On February 23, 2018, Plaintiff filed a Motion to Strike SIWPC's Affirmative Allegations and Defenses. (Pl.'s Mot. to Strike.) The Court interprets this motion as a request to strike SIWPC's Rule 12(b)(5) Motion to Dismiss.

On May 21, 2018, the Court ordered SIWPC to file, within five (5) days, a Financial Interest Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 7.1, both of which "require a non-governmental corporate party to file a disclosure statement with its first appearance, pleading, motion, or request addressed to the Court." (ECF No. 21); Fed. R. Civ. P. 7.1; E.D. Va. Loc. Civ. R. 7.1. At that point, SIWPC, by special appearance, had filed multiple motions, as well as responses to Plaintiff's motions, but failed to file a Financial

---

[4]     On January 25, 2018, SIWPC sent Plaintiff a notice consistent with the requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K). (*Roseboro* Notice (ECF No. 14) at 1.) The *Roseboro* Notice informed Plaintiff that she had twenty-one (21) days to respond to SIWPC's Motion to Dismiss, and that failure to respond could result in dismissal of her claim.

6

Interest Disclosure Statement. (ECF No. 21.) The following day, SIWPC complied with the Court's order and filed its Financial Interest Disclosure Statement — again, by special appearance. (ECF No. 23.)

Finally, on June 4, 2018, Plaintiff filed her Third Motion for Default Judgment, requesting that the Court enter a default judgment against SIWPC "immediately." (Pl.'s Third Mot. for Default J. (ECF No. 25) at 3.)

## DISCUSSION

### 1. Motions to Strike

Federal Rule of Civil Procedure 12(f) allows a district court, by motion of a party or on its own initiative, to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Rule 7(a) defines pleadings as a complaint, an answer to a complaint, an answer to a counterclaim or crossclaim, a third-party complaint, an answer to a third-party complaint and "if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). By omission from Rule 7(a), motions, briefs and affidavits necessarily do not constitute pleadings. *Id.*; *see Nationwide Mut. Ins. Co. v. Overlook, LLC*, 785 F. Supp. 2d 502, 516 n.8 (E.D. Va. 2011) (distinguishing motions from pleadings); *Int'l Longshoremen's Ass'n, Steamship Clerks Local 1624 v. Va. Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995) [hereinafter *Int'l Longshoremen's Ass'n*] (citations omitted) ("Briefs and affidavits, however, are not pleadings.").

Courts typically construe a Rule 12(f) motion to strike as "an improper procedural tool for striking another motion" or other filings that do not qualify as pleadings. *Nationwide Mut. Ins. Co.*, 785 F. Supp. 2d at 516; *see also Structural Concrete Prods., LLC v. Clarendon Am. Ins. Co.*, 244 F.R.D. 317, 321 (E.D. Va. 2007) (citation omitted) ("[I]t is not proper under [Rule]

12(f) to make a motion to strike a motion."); *Am. Sci. & Eng'g, Inc. v. Autoclear, LLC*, 2008 WL 11379924, at *4 (E.D. Va. May 23, 2008) ("Thus, in plain terms Rule 12(f) cannot be used to strike an affidavit and is not a proper way to challenge the declaration of [a witness]."); *Int'l Longshoremen's Ass'n,* 904 F. Supp. at 504 (finding that Rule 12(f) motion to strike constituted improper procedural grounds to strike reply brief and accompanying affidavits). On occasion, courts in this District "ha[ve] considered motions to strike on the merits, notwithstanding that the motions were made in reference to materials that were not 'pleadings' under . . . Rule 7(a)." *James v. Experian Info. Sols., Inc.*, 2014 WL 29041, at *6, *6 n.7 (E.D. Va. Jan. 2, 2014) (Payne, J.).[5] "However, when specifically confronted with the issue, [this] Court has held that a party's brief [or motion or affidavit] is not a pleading under the Federal Rules of Civil Procedure, and is therefore not subject to a motion to strike under Rule 12(f)." *Id.* at *6 (citing *Int'l Longshoremen's Ass'n*, 904 F. Supp. at 504). Adhering to this line of reasoning "provides a simple, clear method to dispose of the motion[s] to strike" presently before the Court. *Id.*

### a. SIWPC's Motion to Strike the Affidavit of Service

SIWPC motions the Court, "pursuant to the Federal Rules of Civil Procedure Rule 4(h), 12(f), and 55(b), [Virginia Code] § 13.1-637[sic] . . . and all other applicable authorities," to strike the Affidavit of Service filed with the re-issued summons, which Plaintiff returned unexecuted on January 18, 2018. (SIWPC's Mot. to Strike at 1.) SIWPC explains the deficiencies with Plaintiff's service of process under Rule 4(h) and Virginia Code § 13.1-637, as well as the lack of grounds for default judgment under Rule 55(b), but provides no further

---

[5]      For example, the district court in *Ilozor v. Hampton University* denied the plaintiff's motion to strike new exhibits submitted with the defendant's reply memorandum in support of summary judgment on the substantive grounds that the exhibits "[did] not constitute the type of 'new evidence' that is prohibited in reply memoranda." 2007 WL 1310179, at *13-15 (E.D. Va. May 3, 2007), *aff'd*, 286 F. App'x 834 (4th Cir. 2008).

explanation as to why the Court should strike the Affidavit of Service pursuant to Rule 12(f).
(SIWPC's Mot. to Strike. ¶¶ 9, 11-13.)

Because the Affidavit of Service does not qualify as a "pleading" under Rule 7(a),
SIWPC cannot attack it under Rule 12(f). *Int'l Longshoremen's Ass'n*, 904 F. Supp. at 504.
Accordingly, the Court recommends that SIWPC's Motion to Strike the Affidavit of Service
(ECF No. 12) be DENIED and construed only as a response in opposition to Plaintiff's Second
Motion for Default Judgment.

### b. Plaintiff's Motion to Strike SIWPC's Affirmative Allegations and Defenses

Plaintiff likewise moves the Court pursuant to Rule 12(f) to strike SIWPC's "Affirmative
Allegations and Defenses." (Pl.'s Mot. to Strike at 3-7.)  Plaintiff argues that the Court "[cannot]
excuse the fact that [Kim] accepted service and never responded within the actual time frame and
. . . that the [registered agent] simply refused service in order to delay the case in bad faith."
(Pl.'s Mot. to Strike at 5.)  SIWPC speculates that Plaintiff's Motion to Strike perhaps refers to
"affirmative defenses and defenses of SIWPC filed in a prior answer in a prior proceeding[.]"
(SIWPC's Resp. in Opp'n to Pl.'s Mot. to Strike. at 1.)

Here, SIWPC has filed neither an answer nor any other document titled "Affirmative
Allegations and Defenses."  Based on the arguments Plaintiff raises relating to service of
process, the Court liberally construes Plaintiff's Motion to Strike as attacking SIWPC's Motion
to Dismiss under Rule 12(b)(5).[6]  (Pl.'s Mot. to Strike at 5; SIWPC's Mot. to Dismiss.)  As
previously explained, "a motion is not a pleading. " *Structural Concrete Prod., LLC*, 244 F.R.D.
at 321.  Thus, Plaintiff cannot use Rule 12(f) to strike SIWPC's Motion to Dismiss. *Nationwide*

---

[6]     Litigants proceeding *pro se* enjoy "liberal treatment by courts." *Chien v. Grogan*, 2017
WL 1091504, at *2 (E.D. Va. Mar. 23, 2017) (citations omitted); *see also Ballard v. Carlson*,
882 F.2d 93, 96 (4th Cir. 1989) (noting that *pro se* litigants "are entitled to some deference from
courts").

*Mut. Ins. Co.*, 785 F. Supp. 2d at 516.  Denying this motion will not significantly prejudice Plaintiff, because the grievances aired in Plaintiff's Motion to Strike largely mirror the arguments put forth in her brief in opposition to SIWPC's Motion to Dismiss, discussed below. Moreover, "even a properly made motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." *Int'l Longshoremen's Ass'n*, 904 F. Supp. at 504.

Ultimately, Plaintiff improperly attempts to use a Rule 12(f) motion to strike as a means to attack SIWPC's Rule 12(b)(5) Motion to Dismiss. *Nationwide Mut. Ins. Co.*, 785 F. Supp. 2d at 516.  Thus, the Court recommends that Plaintiff's Motion to Strike (ECF No. 18) be DENIED.

## 2. SIWPC's Motion to Dismiss

As an initial matter, the Court could find that SIWPC waived its Rule 12(b)(5) motion by filing the Motion to Dismiss after its Rule 12(f) Motion to Strike.  Although SIWPC filed its Rule 12 motions on the same day, SIWPC filed its Rule 12(f) Motion to Strike (ECF No. 12) *before* its Motion to Dismiss (ECF No. 13).  "A party waives any defense listed in Rule 12(b)(2)-(5) by omitting it from a motion in the circumstances described in Rule 12(g)(2)," which "requires that a defendant make all challenges under Rule 12 in the same motion." Fed. R. Civ. P. 12(h)(1)(A); *Amazon Web Servs., Inc. v. Glob. Equity Mgmt., S.A.*, 2017 WL 4052381, at *5 (E.D. Va. Sept. 13, 2017) (Lauck, J.) (citing Fed. R. Civ. P. 12(g)(2)).[7]

The defendant in *Amazon Web Services* made a similar procedural error by separately filing — on the same day — a Rule 12(b)(5) motion to quash service of process before filing a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.  2017 WL 4052381, at *5.

---

[7] Rule 12(g)(2) contains two exceptions.  Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3) . . .").  First, Rule 12(h)(2) allows parties to raise failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b) or to state a legal defense to a claim in additional limited circumstances.  Fed. R. Civ. P. 12(h)(2).  Second, Rule 12(h)(3) allows parties to challenge subject-matter jurisdiction at any time under Rule 12(b)(1). Fed. R. Civ P. 12(h)(3).  Neither exception applies here.

Because the defendant filed the Rule 12 motions on the same day, the District Court found that the defendant's "failure to comply with Rule 12 did not create unnecessary delay at the pleading stage, which Rule 12(g) aims to prevent." *Id.* at *5, *5 n.14. Similarly here, SIWPC's separate same-day Rule 12 filings did not prejudicially delay the pleading stage. (SIWPC's Mot. to Strike; SIWPC's Mot. to Dismiss.) Moreover, SIWPC filed the procedurally improper Rule 12(b)(5) motion before this Court ruled on the Rule 12(f) motion; thus, SIWPC "could have simply moved to consolidate its arguments." *Amazon Web Servs., Inc.*, 2017 WL 4052381, at *5 n.14 (quoting *Jetform Corp. v. Unisys Corp.*, 11 F. Supp. 2d 788, 791 (E.D. Va. 1998)).

Following the District Court's recent decision in *Amazon Web Services*, the Court will not find that SIWPC waived its ability to assert the defense of insufficient service of process under Rule 12(b)(5), despite SIWPC's technical error. (SIWPC's Mot. to Dismiss); 2017 WL 4052381, at *5.

### a. SIWPC's Rule 12(b)(5) Motion to Dismiss

Rule 12(b)(5) permits a defendant to challenge the sufficiency of service of process. Fed. R. Civ. P. 12(b)(5). "Once challenged, the burden of establishing validity of service under Federal Rule of Civil Procedure 4 shifts to the plaintiff." *Sanyal v. Toyota Motor Corp.*, 2014 WL 4925842, at *1 (E.D. Va. Sept. 30, 2014) (citing *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006)). Rule 4(h)(1)(B) allows a party to serve a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). Section 13.1-637 of the Virginia Code, which set forth the procedures for service of process on Virginia stock corporations like SIWPC, designates the corporation's registered agent

as "the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the corporation." Va. Code § 13.1-637(A).

The rules governing service of process "are entitled to a liberal construction" when a defendant has actual notice of a claim. *Sanyal*, 2014 WL 4925842, at *1 (quoting *Armco, Inc. v. Penrod-Stauffer Bld. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984)). Moreover, when a *pro se* plaintiff commits a technical error while attempting to effectuate service, it may not necessarily invalidate the service of process. *Armco, Inc.*, 733 F.2d at 1089. But "even *pro se* litigants are expected to comply with time requirements and other procedural rules without which effective judicial administration would be impossible." *Chien*, 2017 WL 1091504, at *2 (additional citation and quotation omitted).

SIWPC argues that the Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(5), because Plaintiff failed to list the proper registered agent on the first summons, and because Plaintiff returned the re-issued summons — which correctly listed White as SIWPC's registered agent — as unexecuted. (Aff. of Serv.; SIWPC's Mot. to Dismiss at 4.) Plaintiff asserts that her first summons constituted sufficient service of process, because Kim drafted motions for SIWPC; thus, Plaintiff believed that Kim could accept service for SIWPC. (Pl.'s Resp. in Opp'n to SIWPC's Mot. to Dismiss at 2-3.) With respect to the re-issued summons, Plaintiff argues that she "strictly follow[ed] the rules of the [C]ourt," and that the process server made multiple attempts to serve SIWPC between December 12, 2017 and January 12, 2018, but White "bluntly refused to accept service from . . . [P]laintiff." (Pl.'s Resp. in Opp'n to SIWPC's Mot. to Dismiss at 3.)

Plaintiff's attempt to serve SIWPC again fell short. Although SIWPC received a copy of the Complaint in the mail and had actual notice of Plaintiff's claim, that alone does not satisfy

the requirements of Rule 4(h) and Virginia Code § 13.1-637.  (SIWPC's Mot. to Dismiss at 4);

Fed. R. Civ. P. 4(h); Va. Code § 13.1-637.  Plaintiff's claim that White outright refused to accept

service also lacks merit, because the process server listed SIWPC's registered agent as "not

found."  (Pl.'s Resp. in Opp'n to SIWPC's Mot. to Dismiss at 3; Aff. of Serv.)  Because the

process server did not serve the summons and the Complaint on White — nor any representative

authorized to accept service of process on his behalf — Plaintiff failed to comply with the rules

governing service of process.  (SIWPC's Mot. to Dismiss at 4); Fed. R. Civ. P. 4(h); Va. Code

§ 13.1-637.

   Dismissal may serve as an appropriate remedy for a plaintiff's failure to comply with

the service requirements set forth in Rule 4. *See, e.g.*, *Chien*, 2017 WL 1091504, at *2 (granting

defendants' Rule 12(b)(5) motion to dismiss, because *pro se* plaintiff improperly served

defendants via priority mail and made no additional attempt to cure the improper service, despite

receiving warning from the court).  But "insufficient service of process . . . does not necessitate

dismissal." *Pugh v. E.E.O.C.*, 2014 WL 2964415, at *3 (D. Md. June 30, 2014).  Instead, when a

plaintiff fails to effectuate her first service of process,[8] courts may interpret a motion to dismiss

in the alternative as a motion to quash the service of process. *See Vorhees v. Fischer & Krecke,*

697 F.2d 574, 576 (4th Cir. 1983) (quoting *Baily v. Boilermakers Local 667 of Int'l Brotherhood*

*of Boilermakers*, 480 F. Supp. 274, 278 (N.D. W. Va. 1979) ("If the first service of process is

ineffective, a motion to dismiss should not be granted, but rather the Court should treat the

motion in the alternative, as one to quash the service of process.")); *Grant v. Prince George's*

---

[8]      Here, Plaintiff technically has had two opportunities to effectuate proper service on
SIWPC.  However, any attempt to serve the first summons, addressed incorrectly to "Lisa
Hudson," would have proven futile for Plaintiff, and the District Court struck the first summons
accordingly.  (Mem. Order at 4-5.)  Therefore, the Court considers Plaintiff's efforts to serve the
re-issued summons, correctly addressed to "William Adam White," as her "first" attempt to
effectuate proper service.

*Cty. Dep't*, 2016 WL 3541239, at *4 (D. Md. June 29, 2016) (interpreting motion to dismiss as motion to quash and granting *pro se* plaintiff another opportunity to effectuate service "in the interest of justice, and given [p]laintiff's *pro se* status"); *McCoy v. Norfolk S. Ry. Co.*, 858 F. Supp. 2d 639, 653 (S.D. W. Va. 2012) (citation omitted) ("Although [defendant] urges the court to dismiss it from this action, the court finds the appropriate remedy under the circumstances to be to quash the service of process upon [defendant].").

Factors influencing a court's decision to construe a motion to dismiss as a motion to quash service include the likelihood that the plaintiff will obtain effective service of process if given another opportunity to serve the defendant, and any resulting prejudice to the defendant. *See Pugh*, 2014 WL 2964415, at *3 (quoting *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) ("Where there is no prejudice to the defendant and 'there exists a reasonable prospect that service may yet be obtained,' dismissal is inappropriate, and courts have generally allowed the plaintiff another opportunity to effect service.")); *Rosenthal v. Jezioro*, 2008 WL 4900563, at *2 (N.D. W. Va. Nov. 13, 2008) (citing *Bailey*, 480 F. Supp. at 278) ("[W]here the defendants are within the State and amenable to proper service of process, a district court is not required to dismiss the complaint, but may rather quash the service of process."); *Pittsburgh Terminal Corp. v. Mid Allegheny Corp.*, 110 F.R.D. 4, 8 (S.D. W. Va. 1985) (citation omitted) ("Normally, a court should quash the service of process rather than dismiss if there is a possibility that effective service can be had on a defendant.").

Here, both factors weigh in favor of interpreting SIWPC's Rule 12(b)(5) Motion to Dismiss as a motion to quash service. First, the SCC Webpage Record lists Virginia Beach, Virginia as the location of SIWPC's (i) registered agent (White), (ii) registered office and (iii) principal office; thus, SIWPC "[is] within the State and amenable to proper service of process"

14

here. (SCC Webpage Record); *Rosenthal*, 2008 WL 4900563, at *2.   Between SIWPC's offices

in Virginia, Maryland, West Virginia and Washington, D.C., SIWPC asserts that it employs

"approximately forty (40) attorneys who are empowered and authorized as Vice Presidents to

accept service or process on behalf of Registered Agent, William Adam White[.]" (SIWPC's

Mot. to Dismiss at 4; SIWPC's Reply to Pl.'s Resp. in Opp'n to SIWPC's Mot. to Dismiss (ECF

No. 17) ¶ 6.)  Thus, Plaintiff can likely effectuate proper service on SIWPC if granted another

opportunity.  Second, SIWPC has not demonstrated any prejudice on its part.  Indeed, SIWPC

received a mailed copy of Plaintiff's Complaint and has actual notice of her claim.  (SIWPC's

Mot. to Dismiss at 4.)

Unlike the *pro se* plaintiff in *Chien*, who made no effort to effectuate proper service on

the defendant — even after the court cautioned him that his first attempt at service failed — it

appears, here, that Plaintiff earnestly attempted to comply with the District Court's order to

timely serve SIWPC's registered agent.  (Mem. Order at 4-5); 2017 WL 1091504, at *2.  In light

of Plaintiff's good faith efforts — and showing her deference as a *pro se* litigant — the Court

recommends that SIWPC's Rule 12(b)(5) Motion to Dismiss be construed instead as a motion to

quash service, and that Plaintiff have another opportunity to properly serve SIWPC.

Thus, the Court recommends that SIWPC's Motion to Dismiss (ECF No. 13) pursuant to

Rule 12(b)(5) — construed as a motion to quash service on SIWPC — be GRANTED; and, that

the District Court grant Plaintiff a final thirty-day extension to serve SIWPC, pursuant to Rule

4(m).

### b.  SIWPC's Rule 12(b)(6) Motion

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must contain "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570.

In considering such a motion, the Court takes the plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Kensington Volunteer Fire Dept., Inc. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012) (additional citation omitted); *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (additional citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts also look to the documents explicitly incorporated by reference into the complaint as well as those attached as exhibits to the complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although typically constrained to the allegations within the complaint itself at this stage, the Court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in [the] complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (additional citations omitted).

Courts liberally construe documents filed by *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). The Fourth Circuit explained that while "these litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Although, "[p]leadings must be construed so as to do justice," Fed. R. Civ. P. 8(e), courts also recognize that a plaintiff "can plead [her]self out of court by pleading facts that show that [s]he has no legal claim." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009)).

In her Complaint, Plaintiff alleges that SIWPC fraudulently attempted to initiate foreclosure proceedings on her Property in violation of the FDCPA and Virginia state law.[9] SIWPC moves only to dismiss Plaintiff's state law fraud claim and does not address Plaintiff's FDCPA claim. (SIWPC's Mot. to Dismiss at 5-6.) Specifically, SIWPC argues that Plaintiff failed to state any facts showing misconduct on the part of SIWPC and that Plaintiff's "bald allegation of fraud does not meet the heightened pleading standards for fraud." (SIWPC's Mot. to Dismiss at 5-6.) Referring to SIWPC's dismissal from Plaintiff's related state court case, Plaintiff responds that she wants "[SIWPC] to be put back into the case" so that the fraud SIWPC committed against Plaintiff and "homeowners across the nation . . . can be brought to light." (Pl.'s Resp. in Opp'n to SIWPC's Mot. to Dismiss at 2.)

---

[9]    Plaintiff does not expressly allege that SIWPC violated the FDCPA in her Complaint, but she repeatedly takes issue with the 2011 Notice sent by SIWPC pursuant to the FDCPA. (2011 Notice; Ex. 1 to Compl. at 5-7.) Further, in a letter attached to the Complaint, Plaintiff asks the court to consider "the new law that has recently been passed . . . [U.S.] code 1692." (Ex. 4 to Compl. (ECF No. 1-4) ("Letter").) The Court interprets this as a reference to the FDCPA, codified as 15 U.S.C. § 1692, *et seq.* Moreover, the parties in this matter lack diversity; thus, Plaintiff's FDCPA claim serves as the basis for this Court's subject matter jurisdiction under 28 U.S.C. § 1331.

Under Virginia law, a plaintiff must allege the following elements to state a claim of fraud: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Chistoni v. HSBC Bank USA, N.A.*, 2017 WL 1963902, at *5 (E.D. Va. May 11, 2017) (quoting *State Farm Mut. Auto. Ins. v. Remley*, 270 Va. 209, 218 (Va. 2005)). Facts that induce or deceive a person into acting constitute material facts. *Id.* (citing *Packard Norfolk, Inc. v. Miller*, 95 S.E.2d 207, 211-12 (Va. 1956)) (*e.g.*, facts that influence a person to enter into a contract or transaction). A plaintiff alleging fraud must also "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (additional citations and quotations omitted) ("[T]he circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.").

Plaintiff alleges that SIWPC attempted to initiate foreclosure proceedings on her Property before Plaintiff's creditors appointed SIWPC as substitute trustee. (Ex. 1 to Compl. at 5-7.) Plaintiff further complains that SIWPC completed and sent her documents that do not make sense. (Ex. 1 to Compl. at 11.) For example, in August 2011, SIWPC sent a notice to Plaintiff stating its intent to initiate foreclosure proceedings on her Property. (2011 Notice.) When Plaintiff requested verification of the debt and her creditor's identity, she received a copy of a document showing that the Bank of New York Mellon did not appoint SIWPC as substitute trustee until November 23, 2012 — over a year after SIWPC sent the 2011 Notice. (Ex. 1 to Compl. at 6; 2012 Substitution of Trustee.) Other documents submitted by Plaintiff show that MERS named SIWPC substitute trustee in 2007, but when MERS reassigned the 2007 Deed of

18

Trust and promissory note to the Bank of New York Mellon in 2011, the notice of assignment listed 1st Signature Settlement Services as trustee and made no mention of SIWPC. (2007 Substitution of Trustee; 2011 Notice of Assignment.)

The Court sympathizes with Plaintiff's confusion over the chronology of the transfer of the 2007 Deed of Trust and the substitution of trustees, but agrees with SIWPC that these allegations do not meet the heightened pleading standard required by Rule 9(b) to state a claim of fraud. Assuming *arguendo* that SIWPC did not serve continuously as substitute trustee from its first appointment by MERS in 2007 through 2011, then SIWPC holding itself out as substitute trustee in the 2011 Notice constituted a false statement. (2007 Substitution of Trustee; 2011 Notice.) Also, the 2011 Notice listed the Bank of New York Mellon as Plaintiff's creditor, but the documents submitted by Plaintiff show that MERS did not assign its interest to the Bank of New York Mellon until several weeks later. (*See* 2011 Notice (dated August 3, 2011); 2011 Notice of Assignment (dated August 24, 2011).) However, Plaintiff has not alleged facts showing that the false statements listed in the 2011 Notice induced her to take or refrain from taking any particular action. (2011 Notice.) Thus, Plaintiff's Complaint contains no factual allegations showing the existence of a material fact — the second element required to establish fraud under Virginia law. *State Farm Mut. Auto. Ins.*, 270 Va. at 218.

Plaintiff's complaint also fails to allege facts showing the damages flowing from the SIWPC's alleged fraud. *Id.* (listing damages as the sixth element required to establish fraud). Plaintiff asks the Court to sanction SIWPC with $1 million and to have SIWPC, along with MERS and the Bank of New York Mellon (neither of which are parties in this action), remove all liens from her property. (Letter.) Yet, Plaintiff states twice that SIWPC did not initiate

foreclosure proceedings, making it impossible to determine what damages she suffered as a result of any inaccuracies contained in the 2011 Notice.  (Ex. 1 to Compl. at 6-7.)

Because Plaintiff has failed to allege facts sufficient to support a claim of fraud under Virginia law, the Court recommends that SIWPC's Motion to Dismiss pursuant to Rule 12(b)(6) be GRANTED and that Plaintiff's state law fraud claim be DISMISSED WITHOUT PREJUDICE.  To the extent that Plaintiff's Complaint also asserts a claim against SIWPC under the FDCPA, that claim remains.

### 3. Plaintiff's Motions for Default Judgment

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Court may enter default judgment against "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  "As a jurisdictional matter, a court cannot enter default judgment against a defendant until that defendant has been brought within the court's jurisdiction by adequate service of process."  *Goldbelt Wolf, LLC v. Operational Wear Armor, LLC*, 2016 WL 1756487, at *1 (E.D. Va. May 3, 2016) (citing *Armco, Inc.*, 733 F.2d at 1089)).

After returning the re-issued summons as undelivered, Plaintiff filed her Second Motion for Default Judgment, urging the Court to go forward with her case, because SIWPC rejected service.  (Aff. of Serv.; Pl.'s Second Mot. for Default J. at 1.)  SIWPC responds that the Court cannot enter default judgment, because Plaintiff failed to comply with the service requirements set forth in Federal Rule of Civil Procedure 4(h) and Virginia Code § 13.1-167.  (SIWPC's Mot. to Strike ¶ 9.)  Even if Plaintiff had effectuated proper service on either January 3 or January 12, 2018, SIWPC argues that Plaintiff filed the Second Motion for Default Judgment before

SIWPC's time to file an answer expired, rendering Plaintiff's motion premature. (SIWPC's Mot. to Strike ¶ 11.)

Plaintiff filed her Third Motion for Default Judgment in June 2018. (Pl.'s Third Mot. for Default J.) Referring to the first stricken summons, Plaintiff argues that the Court should deem her previous attempts at effectuating service sufficient, because Kim "accepted service . . . in the past." (Pl.'s Third Mot. for Default J. at 2.) Thus, Plaintiff argues, SIWPC violated Rule 12(a) by failing to file an answer within twenty-one (21) days of being served with the summons and complaint.[10] (Pl.'s Third Mot. for Default J. at 2); Fed. R. Civ. P. 12(a)(1)(A)(i). In its response, SIWPC reiterates its argument that Plaintiff's repeated failures to effectuate proper service prevent the Court from entering default judgment against SIWPC. (SIWPC's Resp. to Pl.'s Third Mot. for Default J. ¶¶ 6-22.)

The Court agrees with SIWPC. First, Plaintiff prematurely filed her Second Motion for Default Judgment on January 18, 2018 — before SIWPC's time to serve an answer would have run. (Pl.'s Second Mot. for Default J. at 1.) Even if Plaintiff had properly served SIWPC on either January date listed on the Affidavit of Service — which she did not — SIWPC would have had twenty-one (21) days from the date of service to file an answer. (Aff. of Serv.); Fed. R. Civ. P. 12(a)(1)(A)(i). In other words, Plaintiff cannot obtain a default judgment without first an entry of default, which has not occurred here. Fed. R. Civ. P. 55(a)-(b).

---

[10]     In her Third Motion for Default Judgment, Plaintiff also correctly points out that SIWPC failed to timely file its Financial Interest Disclosure Statement in violation of Federal Rule of Civil Procedure 7.1 and Local Rule 7.1. (Pl.'s Third Mot. for Default J. at 2-3); Fed. R. Civ. P. 7.1; E.D. Va. Loc. R. 7.1. But this violation does not constitute grounds for default under Rule 55(a). Fed. R. Civ. P. 55(a). Further, SIWPC rectified its mistake by complying with the District Court's order and filing a Financial Interest Disclosure Statement on May 22. (ECF Nos. 21, 23.)

Second, as discussed above, Plaintiff has yet to effectuate proper service of process on SIWPC; thus, the Court lacks personal jurisdiction over and cannot enter default judgment against SIWPC. *Armco, Inc.*, 733 F.2d at 1089 (voiding default judgment entered against defendant due to no valid service of process).

Accordingly, the Court recommends that Plaintiff's Second Motion for Default Judgment (ECF No. 11) and Third Motion for Default Judgment (ECF No. 25) be DENIED.

## CONCLUSION

For the reasons stated above, the Court recommends that (1) Plaintiff's Second Motion for Default Judgment (ECF No. 11) and Third Motion for Default Judgment (ECF No. 25) be DENIED; (2) SIWPC's Motion to Strike (ECF No. 12) be DENIED; (3) SIWPC's Rule 12(b)(5) Motion to Dismiss (ECF No. 13) be construed as a motion to quash service and GRANTED; (4) SIWPC's Rule 12(b)(6) Motion to Dismiss (ECF No. 13) be GRANTED; (5) Plaintiff's state law fraud claim be DISMISSED without prejudice; and, (6) Plaintiff's Motion to Strike (ECF No. 18) be DENIED. Should the District Court ultimately adopt this Report and Recommendation, the Court further recommends that Plaintiff be granted a final thirty-day extension to properly serve SIWPC.

The Clerk is directed to file this Report and Recommendation electronically and send a copy to *pro se* Plaintiff at her address of record, to all counsel of record and to United States District Judge M. Hannah Lauck.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of**

any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.

_____/s/_____
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: July 3, 2018