IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NAZIRA URREGO,

    Plaintiff,

v.                                           Civil Action No. 3:17cv437

SAMUEL I. WHITE, P.C.,

    Defendant.

## MEMORANDUM ORDER

Plaintiff Nazira Urrego, proceeding *pro se*, brings this action against Defendant Samuel I. White, P.C. ("SIWPC"), alleging that SIWPC fraudulently tried to begin foreclosure proceedings on her property in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962, *et seq.*, and Virginia state law.

On June 12, 2017, Urrego filed a Complaint against SIWPC. The next day, the Clerk's Office for the Richmond Division of the Eastern District of Virginia issued a summons identifying "Lisa Hudson" as the person intended for service. (ECF No. 2.) On August 28, 2017, Urrego returned the summons executed. (ECF No. 3.) On September 19, 2017, Lisa Hudson Kim filed with the Court a letter[1] addressed to Urrego. (Aug. 10, 2017 Letter, ECF No. 4.) In the letter, Kim stated that a private process server attempted to serve Urrego's Complaint on August 9, 2017, but that "service was rejected" because Kim is "not the registered agent for SIWPC." (*Id.*)

_____

[1] Although Kim filed this letter with the Court on September 13, 2017, the letter was dated August 10, 2017, and addressed to Urrego. Urrego contends that she never received the letter. (*See* Pl.'s Opp'n ¶ 3, ECF No. 7.) Nothing in the record suggests whether Urrego did or did not receive this letter.

On September 18, 2017, Urrego, asserting proper service on SIWPC, filed a Motion for

Default Judgment, contending that, as of September 15, 2017, "more than twenty-one days[] had

elapsed since the service of said complaint and Summons upon defendant and no answer thereto

having been served by defendant [on Urrego]," and asking the Court to enter default judgment

against SIWPC. (Mot. Default J. 2, ECF No. 5.) On October 27, 2017, SIWPC, by special

appearance, moved to strike Urrego's Returned Summonses and opposed Urrego's motion for

default judgment. (ECF No. 6.) On December 12, 2017, the Court struck Urrego's Returned

Summonses and granted Urrego thirty days to properly serve SIWPC via the correct registered

agent, William Adam White. (ECF No. 8.)

On January 18, 2018, Urrego returned the re-issued summons as unexecuted. (ECF

No. 10.) On the section of the Affidavit of Service where the manner of service is described, the

private process server selected "Not Found." (Aff. Serv. 2, ECF No. 10.) The same day that the

SIWPC summons was returned unexecuted, Urrego filed her Second Motion for Default

Judgment, despite failing to properly serve SIWPC. (ECF No. 11.) On January 24, 2018,

SIWPC, again by special appearance, filed two separate motions: a Motion to Strike Plaintiffs'

Affidavit of Service ("SIWPC's Motion to Strike"), (ECF No. 12), and a Motion to Dismiss

Urrego's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5)[2] and 12(b)(6).[3] (ECF

No. 13.)

---

[2] Rule 12(b)(5) allows dismissal for "insufficient service of process." Fed. R. Civ. P. 12(b)(5).

[3] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

On February 23, 2018, Urrego filed a Motion to Strike SIWPC's Affirmative Allegations and Defenses ("Urrego's Motion to Strike"). (ECF No. 18.) Finally, on June 4, 2018, Urrego filed a Third Motion for Default Judgment. (ECF No. 25.)

The Court referred all of the above motions to the Honorable David J. Novak, United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). (ECF Nos. 24, 27.) On July 3, 2018, the Magistrate Judge filed a Report and Recommendation ("R&R"). (ECF No. 28.) The Magistrate Judge recommended that:

(1) Urrego's Second Motion for Default Judgment, (ECF No. 11), and Third Motion for Default Judgment, (ECF No. 25), be denied;

(2) SIWPC's Motion to Strike, (ECF No. 12), be denied;

(3) SIWPC's Motion to Dismiss pursuant to Rule 12(b)(5), (ECF No. 13), be construed as a motion to quash service and granted;

(4) SIWPC's Motion to Dismiss pursuant to Rule 12(b)(6), (ECF No.13), be granted;

(5) Urrego's Motion to Strike, (ECF No. 18), be denied;

(6) Urrego's state law fraud claim be dismissed without prejudice; and

(7) Urrego be granted one final thirty-day extension to properly serve SIWPC.

By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen days after being served with a copy of the R&R. 28 U.S.C. § 636(b)(1); (R&R 22–23). On July 17, 2018, Urrego filed an Objection to the R&R (the "Objection"). (ECF No. 29.) SWIPC filed no objections and the time to do so has expired.

The Objection is not a model of clarity: Urrego alternates between restating her factual allegations, putting forward legal theories, and citing to case law and statutes without tethering

these contentions or legal arguments to any of the pending motions.[4] She submits over 500 pages of documents with her Objection, but fails to explain their relevance to the case.[5] However, a liberal reading of the Objection suggests that Urrego challenges Magistrate Judge's recommended finding that her Second and Third Motions for Default Judgment be denied. Urrego further objects to the Magistrate Judge's recommended finding that Urrego's Motion to Strike be denied. Urrego asks the Court to "please reverse the decision and give the appellant [Urrego] a chance to fight and raise her claims in a fairly[sic] matter[sic]." (Obj. 15, ECF No. 29.)

The Court has liberally allowed Urrego to bring her claims and continues to do so, given her *pro se* status. But Urrego cites no relevant law in support of her objections,[6] and merely restates the allegations in her Complaint and other court filings,[7] all of which the Magistrate Judge thoroughly and thoughtfully considered in the R&R and correctly deemed meritless.

The Court has conducted a *de novo* review of the R&R and Urrego's objections. Finding no error in the R&R, the Court:

(1) ADOPTS the Report and Recommendation IN FULL, (ECF No. 24);

(2) DENIES Urrego's Second Motion for Default Judgment, (ECF No. 11);

---

[4] For example, Urrego alleges that SWIPC "has also been guilty in the past of violating the [Racketeer Influenced and Corrupt Organizations Act] (18 U.S.C. § 1961–68)." (Obj. 5.) Urrego does not explain the relevance of this allegation to the present case. (*Id.*)

[5] For example, Urrego attaches a January 2013 document entitled "Real Property Records Audit Report" from Williamson County, Texas, but fails to reference it in her Objection or otherwise explain its relevance. (Obj. Ex. Tab 8.)

[6] For example, Urrego incorrectly cites to Virginia Code § 8.01-380 for the proposition that "when a party voluntarily removes the case it automatically loses." (Obj. 13.) Section 8.01-380 governs the dismissal of actions by nonsuit and related fees and costs. Va. Code § 8.01-380.

[7] For example, Urrego claims, "All the defendants in this case, created masses of false documents, often using fake corporate officer titles and forged signatures." (Obj. 7.) The Magistrate Judge properly construed and disposed of such allegations when issuing the R&R.

(3) DENIES Urrego's Third Motion for Default Judgment, (ECF No. 25);

(4) DENIES SIWPC's Motion to Strike, (ECF No. 12);

(5) CONSTRUES SIWPC's Motion to Dismiss pursuant to Rule 12(b)(5) as a motion to quash service and GRANTS the motion to quash service, (ECF No. 13);

(6) GRANTS SIWPC's Motion to Dismiss pursuant to Rule 12(b)(6), (ECF No. 13);

(7) DISMISS WITHOUT PREJUDICE Urrego's Virginia state law fraud claims, (ECF No. 1);

(8) DENIES Urrego's Motion to Strike, (ECF No. 18); and

(9) ORDERS Urrego to serve SIWPC within thirty (30) days of entry of this Order.

The Court WARNS Urrego that failure to properly serve SIWPC within thirty (30) days could result in abatement.[8]

Let the Clerk send a copy of this Memorandum Order to all counsel of record and to Urrego at her address of record.

It is so ORDERED.

/s/
_____
M. Hannah Lauck
United States District Judge

Date: 7/26/18
Richmond, Virginia

---

[8] Federal Rule of Civil Procedure 4 states, in relevant part:

If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).