IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISION)

NAZIRA URREGO,
    *Plaintiff*,

v.

SAMUEL I. WHITE, P.C.,
    *Defendants*.

Case No.: 3:17-cv-00437

DEFENDANT, SAMUEL I. WHITE, P.C.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, Samuel I. White, P.C. ("SIWPC"), by counsel, pursuant to *Rule* 12(b)(6) of *The Federal Rules of Civil Procedure* to move to dismiss the Plaintiff's *Complaint* ("Motion to Dismiss") for failure to state a claim upon which relief can be granted against SIWPC. SIWPC states the following for and in support of its *Motion to Dismiss*.

I.    FACTUAL AND PROCEDURAL HISTORY.

On January 17, 2007, Diego F. Angel-Urdinolo and Angel M. Hoyos conveyed the subject real property to Plaintiff, Nazira Urrego ("Urrego") by *Deed* (the "*Deed*"). Said *Deed* was recorded in the public land records of Loudoun County Circuit Court on January 18, 2007, as Instrument No.: 20070119-0004740. A true and correct copy of the *Deed* is attached hereto and incorporated herein by reference as **EXHIBIT A**. On or about January 17, 2007, Urrego executed a *Note* whereby she promised to repay the original principal amount of $550,000.00 to the original lender, America's Wholesale Lender. A true and correct copy of the *Note* is attached hereto and incorporated herein by reference as **EXHIBIT B**. The *Note* was secured by a *Deed of Trust* (the "*Deed of Trust*") of even date to 1st Signature Settlement Services, Trustee, for the benefit of Mortgage Electronic Registration Systems ("MERS"). Said *Deed of Trust* was

1

recorded in the public land records of the Loudoun County Circuit Court on January 19, 2007, as Instrument No.: 20070119-0004741. A true and correct copy of the *Deed of Trust* is attached hereto and incorporated herein by reference as **EXHIBIT C**.

On or about September 27, 2007, MERS, as Noteholder, executed a *Substitution of Trustee* instrument (the "*2007 Substitution of Trustee*") whereby it appointed SIWPC as Substitute Trustee under the *Deed of Trust*. Said *2007 Substitution of Trustee* was recorded in the public land records of the Loudoun County Circuit Court on October 15, 2007, as Instrument No.: 20071015-0073952. A true and correct copy of the *2007 Substitution of Trustee* is attached hereto and incorporated herein by reference as **EXHIBIT D**. On or about August 24, 2011, MERS granted, assigned, and transferred all of its beneficial interests under the *Deed of Trust* to the Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-2 ("BONY") pursuant to a *Notice of Assignment of Deed of Trust* (the "*2011 Assignment*"). A true and correct copy of the *2011 Assignment* is attached hereto and incorporated herein by reference as **EXHIBIT E**.

On or about June 6, 2012, pursuant to a *Notice of Assignment of Deed of Trust* (the "*2012 Assignment*"), MERS again granted and assigned to BONY all beneficial interests under the *Deed of Trust*. Said *2012 Assignment* was recorded in the public land records of the Loudoun County Circuit Court on June 29, 2012, as Instrument No.: 20120529-0049687. A true and correct copy of the *2012 Assignment* is attached hereto and incorporated herein by reference as **EXHIBIT F**. On or about November 23, 2012, BONY executed a *Substitution of Trustee* instrument (the "*2012 Substitution of Trustee*") whereby it appointed SIWPC as Substitute Trustee under the *Deed of Trust*. Said *2012 Substitution of Trustee* was recorded in the public land records of the Loudoun County Circuit Court on December 27, 2012, as Instrument No.:

20121227-0102369. A true and correct copy of the *2012 Substitution of Trustee* is attached hereto and incorporated herein by reference as **EXHIBIT G**.

On June 12, 2017, Urrego filed a three- (3) count *Complaint* against SIWPC apparently alleging that SIWPC violated the *Federal Debt Collection Practices Act* (the "FDCPA") and Virginia state law by fraudulently attempting to initiate foreclosure sale proceedings. On August 9, 2017, a private process server attempted service of said *Complaint* on SIWPC. However, the process server's *Summons* specified "Lisa Hudson" as the party to accept service as the registered agent on the *Summons* for Samuel I. White, P.C. Lisa Hudson Kim, Esquire is an attorney at SIWPC but is not the registered agent for SIWPC. The State Corporation Commission records reveal that William Adam White, Esquire is the Registered Agent for SIWPC and therefore, he is the only party who must be named to receive any *Summons* and receive service of process of any legal proceeding himself or through his authorized representatives. As such, service was rejected by Lisa Kim.

However, on August 28, 2017, a *Summons* returned as executed was filed with this United States District Court. Said *Summons* stated that personal service of the *Complaint* upon Lisa Hudson, Esquire was obtained on August 9, 2017. On September 13, 2017, SIWPC filed a letter in response to the service of process return filing notifying the Plaintiff and this Court that service of process had been rejected due to Plaintiff's failures to name the correct registered agent in the *Summons* and to serve the correct party. Despite the failure to correctly serve the *Complaint*, on September 18, 2017, Plaintiff filed a *Motion for Default Judgment* wherein she claimed that Lisa Hudson Kim, Esquire, attorney for SIWPC was served with the *Complaint* and did not file a responsive pleading within the required twenty-one (21) days.

On October 27, 2017, SIWPC filed a *Motion to Strike the Summons Issued, the Summons Returned Executed, and the Motion for Default Judgment*. In response, on November 6, 2017, Urrego filed *Motions to Strike Defendant's Motion to Amend the Court's Summons, Strike Defendant's Intent to Strike Plaintiff's Summons Return, and Strike Defendant's Motion to Respond in Opposition to Plaintiff's Motion for Entry of Default Judgment or Entry of Default with Supporting Memorandum of Law*. On December 12, 2017, this Court issued a *Memorandum Order* whereby it struck the returned *Summons* and granted Urrego thirty-(30) days to properly serve SIWPC. Thereafter, Urrego filed an unexecuted *Summons* return and a *Request for Entry of Default* on January 18, 2018. SIWPC filed a *Motion to Strike Request for Entry of Default* on January 24, 2018, and a *Motion to Dismiss and Supporting Memorandum of Law* in response.

Urrego filed a *Response in Opposition regarding Motion to Strike Request for Entry of Default as to Affidavit of Service and Defendant's Motion in Opposition to Plaintiff's Motion for Entry of Default and/or Default Judgment and Memorandum of Law in Support* on February 8, 2018. She additionally filed a *Motion to Strike Defendant's Affirmative Allegations and Defenses* on February 23, 2018. On March 9, 2018, SIWPC filed a *Response to Motion to Strike and a Reply to Response to Motion to Strike Defendant's Affirmative Allegations and Defenses*. This Court entered an *Order* on July 28, 2018, granting SIWPC's *Motion to Dismiss* under *Rule* 12(b)(6) pursuant to Urrego's fraud claims under Virginia state law. This Court further granted Urrego thirty an additional (30) days to properly serve SIWPC with a *Complaint* against SIWPC under the FDCPA, the only remaining claim in the *Complaint* pursuant to the Court's *Order* of July 28, 2018.

On August 10, 2018, Urrego properly served SIWPC with her *Complaint*. However, the *Complaint* is identical to the original one filed with this Court on June 12, 2017, and does not

4

reflect the dismissal of the fraud claims in same nor the other directives and instructions of the Court in the July 28, 2018, *Order* for the required amendments to the *Complaint* if and when it were re-served. As such, the *Complaint,* in its original and not amended format violates the Court's *Order* and is ripe for immediate dismissal with prejudice and without a grant of further leave to amend.

> II.  **STANDARD OF REVIEW FOR RULE 12(B)(6) MOTIONS TO DISMISS.**

To survive a *Rule* 12(b)(6) motion to dismiss, a complaint must "provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. 544, at 556). Although a court must accept as true all well-pleaded factual allegations and construe them in the plaintiff's favor, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), the same is not true for legal conclusions, *Iqbal*, 556 U.S. 662, at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Chamblee v. Old Dominion Sec. Co., LLC*, No. 3:13cv820, 2014 WL 1415095, at *4 (E.D. Va. Apr. 11, 2014). "*Twombly* and *Iqbal* also made clear that the analytical approach for evaluating Rule 12(b)(6) motions to dismiss requires courts to reject conclusory allegations that amount to mere formulaic recitation of the elements of a claim and to conduct a context-specific analysis to determine whether the well-pleaded factual allegations plausibly suggest an entitlement to relief." *Chamblee*, 2014 WL 1415095, at *4.

In deciding the motion to dismiss pursuant to *Rule* 12(b)(6), a court may consider the facts alleged on the face of the complaint as well as "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" **without** converting a *Rule* 12(b)(6) motion into a *Rule* 56 motion for summary judgment. *Moore v. Flagstar Bank, FSB,* 6 F.Supp.2d 496, 500 (E.D. Va. Nov. 26, 1997) (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1357 (1990)); *see also Pueschel v. United States*, 369 F.3d 345, 353 n.3 (4th Cir. 2004) (citations omitted). "Consideration of a document attached to a motion to dismiss ordinarily is permitted only when the document is integral to and explicitly relied on in the complaint." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606-07 (4th Cir. 2015) (*quoting Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 234 (4th Cir. 2004)) (alteration in original).

### III.   LEGAL ARGUMENT AND AUTHORITIES.

Plaintiff's *Complaint* consists of two allegations, (a) fraud under Virginia state law; and (b) a violation of the FDCPA. This Court surmises that Urrego's alleged issues "with the 2011 Notice sent by SIWPC pursuant to the FDCPA" and Urrego's request of the Court to "consider the new law that has recently been passed . . . [U.S.] code 1692'" constitute an allegation of a violation of the FDCPA against SIWPC. *See* July 28, 2018, *Opinion and Order,* at n. 9.

#### A.   Urrego fails to state a claim for relief under the FDCPA.

"[T]he FDCPA makes it unlawful for debt collectors to make false or deceptive statements in the course of their collection activities." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 389 (4th Cir. 2014) (*citing* 15 U.S.C. § 1692e). The underlying purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors" and to regulate "interactions between consumers and debt collectors by imposing affirmative statutory

obligations upon debt collectors and proscribing certain abusive conduct." *Id*. at 388-389 (*citing* 15 U.S.C. § 1692e). Urrego's FDCPA claims appear to center around the Notice letter SIWPC (the "*Letter*") sent on August 3, 2011, and its identification of BONY as the creditor to whom the debt was owed. A true and correct copy of the *Letter* is attached hereto and incorporated herein by reference as **EXHIBIT H**. Specifically, Urrego appears to allege that the *Letter* contained false or deceptive statements, violating the FDCPA because it purportedly incorrectly identified the creditor and the trustee. Because the *Letter* correctly identified both, the creditor and the substitute trustee, the *Letter* did not contain false or deceptive statements and thus, it did not violate the FDCPA. As such, Urrego fails to state a viable and colorable claim for which relief can be granted in her favor under the FDCPA, and, her claims in the *Complaint* are suitable for immediate dismissal with prejudice and without a further futile grant of leave to amend.

        **i.**       **The *Letter* Correctly Identified SIWPC as the Substitute Trustee.**

"A substitute trustee may be appointed under a separate notarized document by removal of the original trustee named in the deed of trust." *Morrison v. Wells Fargo Bank, N.A.*, 30 F. Supp. 3d 449, 454 (E.D. Va. 2014). "When the instrument of appointment has been executed, the substitute trustee or trustees named therein shall be vested with all of the powers, rights, authority, and duties vested in the trustee or trustees." *Wolf v. Fed. Nat. Mortg. Ass'n*, 830 F. Supp.2d 153, 164 (W.D. Va. 2011), *aff'd*, 512 F. App'x 336 (4th Cir. 2013) (*citing* Virginia Code § 55-59(9) (1950, as amended)).

At the time the *Letter* was sent, August 3, 2011, SIWPC had been appointed the Substitute Trustee under the *Deed of Trust*. See *2007 Substitution of Trustee* instrument, attached as **EXHIBIT D**. In fact, the *2007 Substitution of Trustee* instrument, executed by MERS (the Noteholder at the time of execution of the *2007 Substitution of Trustee* instrument) appointed

SIWPC as Trustee on September 27, 2007, almost four (4) years prior to the sending of the *Letter*. Furthermore, the *2012 Substitution of Trustee* instrument does not invalidate SIWPC's original appointment. The *2012 Substitution of Trustee* instrument identifies BONY as the "present holder or the authorized agent of the holder of the note secured by the deed of trust dated January 17, 2007, and recorded January 19, 2017, in Instrument 20070119-0084741 among the land records of Loudoun County, Virginia." *See 2012 Substitution of Trustee* instrument, attached as **EXHIBIT G**. The *2012 Substitution of Trustee* instrument further lists 1st Signature Settlement Services as the original trustee only as identified in the *Deed of Trust*, which does not invalidate the *2007 Substitution of Trustee* instrument appointing SIWPC. *See id*.

Because the *2007 Substitution of Trustee* instrument appointed SIWPC as Substitute Trustee, and the *2012 Substitution of Trustee* instrument did not invalidate that appointment, SIWPC was correctly identified as the Substitute Trustee in the *Letter*. Urrego's claims to the contrary lack legal and factual merit and are primed and poised for immediate dismissal with prejudice and without granting leave to amend.

      **ii.**    **The *Letter* Correctly Identified BONY as the Creditor.**

""Virginia has attempted to enhance commerce within the state by ensuring that negotiable instruments' such as promissory notes 'are freely transferable.'" *Hien Pham v. Bank of New York*, 856 F.Supp.2d 804, 814 (E.D.Va. 2012) (*quoting Horvath v. Bank of New York*, N.A. 641 F.3d 617, 621 (4th Cir.2011)). "Under Virginia law, the holder of an instrument or a non-holder in possession of the instrument with the same rights as the holder may enforce the instrument." *Ruggia v. Washington Mut.*, 719 F.Supp.2d 642, 645 (E.D. Va. 2010). "Specifically, a promissory note endorsed in blank 'may be freely transferred,' and '[w]ho ever possesses an instrument endorsed in blank has full power to enforce it.'" *Hien Pham*, 856

F.Supp.2d at 804 (*quoting Horvath*, 641 F.3d 617, at 621-22). Possession of the instrument does not only happen upon the execution of an assignment, "[i]t is undoubtedly true that a transfer of a secured debt carries with it the security without formal assignment or delivery." *Id.* (*citing Stimpson v. Bishop*, 82 Va. 190, 200–01 (1886)).

The *Note* contains a blank endorsement from Michele Sjolander, Executive Vice President of Countrywide Home Loans, Inc., a New York Corporation Doing Business as America's Wholesale Lender on its last page. *See Note*, a true and correct copy of which is attached as **EXHIBIT B**. Because of the blank endorsement, the *Note* is bearer paper under the *Uniform Commercial Code* and *Virginia Code*. *See Hien Pham,* 856 F.Supp.2d at 804. When BONY came into possession of the *Note*, BONY became the possessor and therefore, was entitled to enforce the instrument. BONY had possession of the *Note* prior to August 3, 2011, when it instructed SIWPC to begin foreclosure sale proceedings on the subject property of Urrego, on their behalf, as the Noteholder and *Deed of Trust* lienholder. The fact that the actual *Assignment of Mortgage* was not executed until August 24, 2011, twenty-one (21) days after the FDCPA *Letter* was sent is irrelevant because possession of the bearer paper dictates possession, not the execution of an assignment. See *Hien Pham*, 856 F.Supp.2d 804, 814; *Ruggia*, 719 F. Supp.2d 642, 645; *Stimpson*, 82 Va. 190, 200–01.

Therefore, because BONY was in possession of the *Note* at the time the FDCPA *Letter* was sent, SIWPC correctly identified BONY as the current creditor, as required by and in accordance with the FDCPA. Any allegations of Urrego to the contrary fall flat and ring hollow, and as such, are ripe for immediate dismissal with prejudice. Further, because SIWPC correctly identified SIWPC as the Substitute Trustee and BONY as the creditor in the *Letter*,

SIWPC's *Letter* is not in violation of the FDCPA. Accordingly, Urrego's *Complaint* should be dismissed with prejudice as to any and all remaining claim(s).

### iii. Urrego Has Been Afforded Multiple Opportunities to Perfect and Prosecute Her Suit to No Avail.

Moreover, Urrego has been afforded more than fair and reasonable leniency and deference as a *pro se* litigant with multiple opportunities to perfect and prosecute her suit herein. The Fourth Circuit has instructed, that while *pro se* "litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1276 (4th Cir. 1985). Indeed, federal courts find and hold that a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *See, e.g., Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011). Herein, a grant of any further leave would be an exercise in futility because her remaining claim(s) cannot be salvaged and she has failed to address the instructions of the Court in its July 28, 2018, *Opinion and Order,* as directed.

### IV. CONCLUSION AND PRAYER FOR RELIEF:

WHEREFORE, the Defendant, Samuel I. White, P.C., by counsel, respectfully requests that this Court enter an *Order* sustaining its *Motion to Dismiss,* dismissing the *Complaint* in its entirety, with prejudice, and awarding such further and other relief as this Court deems just and appropriate.

Respectfully Submitted,

**SAMUEL I. WHITE, P.C.**

/s/____Lisa Hudson Kim_____
Lisa Hudson Kim (VSB# 45484)
Elizabeth A. Coltrane (VSB# 91550)
Samuel I. White, P.C.
5040 Corporate Woods Drive, Ste 120
Virginia Beach, Virginia 23462
Office: (757) 457-4234
Fax: (757) 337-2814
Email: lkim@siwpc.com; ecoltrane@siwpc.com
*Counsel for Defendant, Samuel I. White, P.C.*

## CERTIFICATE OF SERVICE:

I hereby certify that on this 31st day of August, 2018, I will electronically file the foregoing with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Nazira Urrego
25804 Leonard Drive
South Riding, Virginia 20152
*Plaintiff, Pro Se*

/s/____Lisa Hudson Kim_____
Lisa Hudson Kim, Esquire (VSB# 45484)
Elizabeth A. Coltrane, Esquire (VSB# 91550)
Samuel I. White, P.C.
5040 Corporate Woods Drive, Ste 120
Virginia Beach, Virginia 23462
Office: (757) 457-4234
Fax: (757) 337-2814
Email: lkim@siwpc.com; ecoltrane@siwpc.com
*Counsel for Defendant, Samuel I. White, P.C.*